## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ALICE R. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-19 |
| | ) | |
| ADMIRAL INVESTMENTS, LLC, COUCH, | ) | JURY TRIAL |
| CONVILLE & BLITT, LLC, and BALEKIAN | ) | REQUESTED |
| HAYES, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, ALICE R. PHILLIPS ("Plaintiff" or "Phillips"), brings this action on behalf of herself against defendants, ADMIRAL INVESTMENTS, LLC ("Admiral"), COUCH, CONVILLE & BLITT, LLC ("CCB"), and BALEKIAN HAYES, PLLC ("Balekian"), (collectively "Defendants").

## I.   INTRODUCTION

1.    This is an action for damages arising from their numerous violations of both the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392. *et seq.*, ("TDCA") by Defendants.

2.    Time-barred debts are debts for which the applicable statute of limitations has expired. Defendants sued Plaintiff in Travis County in 2015 and recently attempted to serve process on her, even though the suit is time-barred.

3. Defendants' stale Travis County suit is illegal under both Texas and federal law. First, Texas has banned time-barred lawsuits related to consumer debt. Tex. Fin. Code Ann. § 392.307(c) ("A debt buyer may not, directly or indirectly, commence an action against … a consumer to collect a consumer debt after the expiration of the applicable limitations period….").

4. Second, both federal courts and Texas courts have ruled generally that suing on time-barred debts is a violation of both the FDCPA and TDCA. *See, e.g.*, *Pantoja v. Portfolio Recovery Assocs.*, LLC, 852 F.3d 679, 683 (7th Cir. 2017) (noting that "a debt collector violates the [FDCPA] by suing to collect a time-barred debt after the statute of limitations has run and bars the suit"); *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) ("Federal circuit and district courts have uniformly held that a debt collector's . . . filing a time-barred suit in state court to recover [a time-barred] debt violates [the FDCPA]."); *CA Partners v. Spears*, 274 S.W.3d 51, 61 (Tx. Ct. App. 2008) (when the statute of limitations has run "there is no legal remedy for its enforcement.").

5. Consequently, Defendants have violated both the TDCA and FDCPA.

## II. <u>JURISDICTION & VENUE</u>

6. Jurisdiction is proper under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The

district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce…") and 15 U.S.C. § 1692k (FDCPA) (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

7.    The Court also has supplemental jurisdiction over the TDCA state law claims under 28 U.S.C. § 1367.

8.    Venue is proper in this judicial district because all three defendants engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..."). Moreover, Plaintiff resides in this judicial district.

### III.  **PARTIES**

9.    Plaintiff, Alice R. Phillips, is a natural person and resident of Austin, Texas in Travis County.

10.    Defendant, Admiral Investments LLC (Admiral), is a foreign limited liability company with its principal place of business at 16998 72nd Place North, Maple Grove, MN 55311. Admiral is registered as a debt collector and also bonded in Texas (File #20130097; Bond #: LSM0593222). Admiral does not appear to have a registered agent in Texas listed with the Secretary of State's office.

11.     Defendant, Couch Conville & Blitt, LLC (CCB), is a foreign limited liability company with its principal place of business at 1450 Poydras St., Suite 2200, New Orleans, LA 70112. CCB is registered as a debt collector and is also bonded in Texas (File #20130081; Bond #: 71396960). CCB's Texas registered agent is a "Senior Associate Texas Litigator" at CCB -- Shawn Redman -- located at 6200 Savoy Dr. #400, Houston, TX 77306.

12.     Defendant, Balekian Hayes PLLC (Balekian), is a Texas professional limited liability company with its principal place of business at 4144 N. Central Expressway, Suite 370, Dallas, TX 75204. Balekian is registered as a debt collector and is also bonded in Texas (File #20100063; Bond #: 70797071). Balekian's Texas registered agent is Kris Balekian Hayes, the manager of Balekian and her address is 4144 N. Central Expressway, Suite 1200, Dallas, TX 75204.

13.     Plaintiff is a "consumer" as defined in both the FDCPA and TDCA. *See* 15 U.S.C. § 1692a(3) and Tex. Fin. Code Ann. § 392.001(1).

14.     All three defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15. All three defendants were at all relevant times engaged in the business of attempting to collect from Plaintiff a "consumer debt" as defined by 15 U.S.C. § 1692a(5) and Tex. Fin. Code Ann. § 392.001(2).

16. At all relevant times, the principal purpose of the business of all three defendants was the collection of debts, and all three defendants are both: (1) "debt collectors" as defined by the FDCPA's 15 U.S.C. § 1692a(6); and (2) a "Third-Party Debt Collectors" under the TDCA. Tex. Fin. Code Ann. § 392.001(7).

17. Admiral is also a "debt buyer" and the debt at issue is a "charged- off debt" pursuant to Tex. Fin. Code Ann. § 392.307(a)(2) ("a person who purchases or otherwise acquires a consumer debt from a creditor or other subsequent owner of the consumer debt, regardless of whether the person collects the consumer debt, hires a third party to collect the consumer debt, or hires an attorney to pursue collection litigation in connection with the consumer debt.")

18. The debt at issue is a "charged- off debt" pursuant to Tex. Fin. Code Ann. § 392.307(a)(1) ("a consumer debt that a creditor has determined to be a loss or expense to the creditor instead of an asset.").

## IV.  PRELIMINARY STATEMENT – FDCPA & TDCA

19. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Another reason for the FDCPA's enactment was "to

ensure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged…." *Id.*

20. As the 5th Circuit has recognized, "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair debt collection practices…." *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002).

21. The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

22. Similarly, the Texas Legislature "passed the [Texas] Debt Collection Act to prevent creditors from preying on a consumer's fears and ignorance of the law to pursue allegedly delinquent debts." *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986).

23. The Fifth Circuit has opined that Congress "clearly intended the FDCPA to have a broad remedial scope." *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002).

24. The FDCPA "should therefore be construed broadly and in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016).

25. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any

debt." *Daugherty*, 836 F.3d at 511-12 (citing and quoting 15 U.S.C. § 1692e); *Manuel v. Merchs. & Prof'l Bureau, Inc.*, 956 F.3d 822, 826 (5th Cir. 2020).

26.     "Section 1692e furnishes a nonexclusive list of prohibited practices, including falsely representing the character, amount, or legal status of any debt, § 1692e(2)(A), and threatening to take any action that cannot legally be taken, § 1692e(5)." *Daugherty*, 836 F.3d at 511.

27. Further, Section 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt." And Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *Daugherty*, 836 F.3d at 511.

28.     The structure of the TDCA is modeled on the FDCPA and courts have ruled it should be similarly construed. *See Prophet v. Joan Myers, Myers & Assocs., P.C.,* 645 F.Supp.2d 614, 617 (S.D. Tex. 2008) ("... the conduct made unlawful by [the TDCA] is virtually identical to the conduct made unlawful by the FDCPA").

29.     The TDCA and FDCPA encourage consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001); *Young v. Asset Acceptance, LLC, Civil Action*, No.:3:09-CV-2477-BH, 2011 WL 618274, *2 (N.D. Tex. 2011). Plaintiff seeks to enforce those policies and civil rights as expressed through the TDCA and FDCPA.

# V.    FACTUAL AND LEGAL BACKGROUND

## A.    Admiral buys "dirt cheap" Great Recession era debts.

30.    This case began because back in January 2010 during the apex of the Great Recession. Phillips, like tens of millions of Americans, defaulted on a credit card due to recessionary related economic distress.

31.    The original creditor on the credit card account was Wells Fargo. Shortly after Phillips stopped paying, Wells Fargo charged off the debt from its books during July 2010.

32.    According to Admiral, in September 2013, Wells Fargo allegedly sold the rights related to Phillips' debt in a package or "pool" of other similar defaulted debt. Debt buyers such as Admiral commonly refer to these purchased pools of defaulted debts as "investments" for their "portfolios."

33.    "More than 77 million Americans have a debt in collections. Many of these debts will be sold to debt buyers for pennies, or fractions of pennies, on the dollar." *See* Dalie Jimenez, *Dirty Debts Sold Dirt Cheap*, 52 Harvard J. On Legislation 41 (2015) ("Dirty Debts").

## B.    Statutes of limitation and commencement of an action.

34.    Statutes of limitations establish time limits for bringing suit on legal claims. *See generally Lozano v. Montoya Alvarez*, 572 U.S. 1, 14 (2014). They serve several purposes. *See generally Rotella v. Wood*, 528 U.S. 549, 555 (2000) (identifying "the basic policies of all limitations provisions" as "repose, elimination of stale claims, and certainty").

35.     First, statutes of limitations reflect a forum's legislative judgment that it is "unjust to fail to put the adversary on notice to defend within a specified period of time." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Second, statutes of limitations eliminate stale claims. That is, they protect defendants and the courts from having to deal with cases in which "the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *Id.* Third, statutes of limitations provide "certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities." *Young v. United States*, 535 U.S. 43, 47 (2002) (quoting *Rotella*, 528 U.S. at 555).

## C.     Admiral files suit in 2015, but fails to serve process.

36.     The debt buyer Admiral, using its debt collection attorneys, CCB and/or Balekian, very recently hired a process server who threatened to serve process on Phillips over 5 years too late. The underlying action is styled as *Admiral Investments, LLC v. Alice R. Phillips*, Case No. C-1-CV-15-007190 (Travis County, Texas Court at Law No. 2) (**Petition Filed August 25, 2015**) ("Travis County suit").

37.     In the Travis County suit, the original August 25, 2015 citation directed at Ms. Phillips expired long ago. Consequently, on or about May 13, 2019, attorney Krista Balekian Hayes, or an attorney with CCB, apparently requested vis-à-vis a "Civil Process request" and received an updated "Alias

Citation." This 2019 citation also expired without service. CCB apparently hired a process server who allegedly attempted service at two very old addresses and failed.

38.     On October 9, 2020, CCB sent a letter to the Travis County clerk's office requesting a new "**Alias Citation for service upon the Defendant** ALICE R. PHILLIPS ... **please prepare the Alias Citation and return to EZ Messenger for private process.**"

39.     An "Alias Citation" was prepared by the Travis County Clerk on behalf of "Krista Balekian Hayes" and was dated October 15, 2020.

## C.     Admiral's service attempts are untimely.

40.     On or about December 16, 2020, a process server (named Dowdle) apparently hired by Admiral and one or more of its law firm debt collectors knocked on Phillips' door and spoke with her husband about the Travis County suit (Phillips wasn't home at the time).

41.     Debt buyer Admiral inexplicably sat on its alleged "investment" rights to the Wells Fargo debt for over half a decade. Admiral's conduct is illegal under Texas law, and any alleged rights have long ago been extinguished.

## D.     Admiral's limitations period deadline has long passed.

42.     In the Travis County suit, black letter law required Admiral to "not only file suit within the applicable limitations period, but also use diligence to have [Phillips] served with process." *Gant v. DeLeon*, 786 S.W.2d

259, 260 (Tex. 1990). When a petition is served within the limitations period, but service is doesn't occur until after expiration of the limitations period, "the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Gant*, S.W.2d at 260 ("Plaintiffs' unexplained delay of three periods totaling 38 months in obtaining service on defendant establishes failure to use diligence as a matter of law.").

43.    In Texas, one must bring suit on breach of contract within four years from the date the cause of action accrues. Phillips breached against Wells Fargo when she defaulted on her first payment in January 2010. Thus, the Travis County petition was likely filed untimely.

44.    But even a timely filed petition will not interrupt the running of the limitations period <u>unless</u> Admiral exercised due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). In other words, a suit's commencement also requires diligence in service of process. *Rigo Mfg.Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970); *Crosland v. Texas Employment Comm.*, 550 S.W.2d 314, 318 (Tx. Ct. App. 1977).

45.    Thus, even assuming the August 25, 2015 Travis County petition was filed timely, Admiral must prove that it exercised diligence when effecting service outside the limitations period. But Admiral cannot, because service on Phillips has <u>never</u> occurred in over 5 years. "Texas courts have consistently held that due diligence is lacking as a matter of law when there are unexplained lapses of time between filing suit, issuance of citation, and

service." *Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 652 (Tex. Ct. App. 1998). The "degree of due diligence required" is that which "an ordinarily prudent person would have used under the same or similar circumstances." *Sharp v. Kroger Tex., L.P.*, 500 S.W.3d 117, 120 (Tx. Ct. App. 2016)). "Sharp's inaction for over five months in procuring citation and accomplishing service on Kroger conclusively negates due diligence as a matter of law." *Sharp*, 500 S.W.3d at 121.

46.     Indeed, Texas courts have consistently held that delays, even when only more than just a few months have elapsed, negate due diligence as a matter of law. *See also Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 11-12 (Tex. Ct. App. 2001) (*citing Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 168 (Tex. Ct. App. 1997) (**nine months**); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. Ct. App. 1994) (**five months**); *Butler v Ross*, 836 S.W.2d 833, 835-36 (Tex. Ct. App. 1992) (**five months**); *Allen v. Bentley Labs, Inc.*, 538 S.W.2d 857, 860 (Tex. Ct. App. 1976) (**six months** between filing and service). *See also, Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex. 1970) (17 months between filing and service); *Liles v. Phillips*, 677 S.W.2d 802 (Tex. Ct. App. 1984) (10 months between expiration of statute of limitations and service).

47.     Here, Defendants have delayed **over half a decade** and still haven't accomplished service. Consequently, as a matter of law, any alleged due diligence has been negated regarding the Travis County suit.

## E. Defendants' actions violate the FDCPA and TDCA.

48. Through its website, CCB opines that it gives "zealous representation" to its clients, including "purchasers of distressed receivables" such as Admiral.[1]

49. Despite its above listed actions, CCB proclaims that "since its inception, [it] has had an unwavering dedication to ethics, professionalism, focus, and achievement in conjunction with a unified vision to provide the highest level of legal services possible." https://www.gulfsouthlegal.com/index.php/our-firm (last visited January 3, 2021).

50. CCB also claims that "Our Purpose" is to "Achiev[e] Ethical Results" and "Our Mission" is to perform at "the highest levels of client services, professionalism, ethics, and legal compliance." *Id.*

51. Speaking to its involvement with "Consumer Legal Collections" CCB opines that "[t]hrough its commitment to the highest standards of review and compliance, recovery is maximized and exposure to counterclaims and after-the-fact litigation is minimized. With its multi-state practice, Couch, Conville & Blitt prides itself on competitive legal collections and reduction of counterclaims." *Id.*

---

[1] On the other hand, history shows that consumers do not get the same "zealous representation." Consumers generally just do not have the means or ability to properly defend themselves against debt buyer lawsuits.

52.     Notably, CCB assures that it "complies with the Fair Debt Collection Practice Act (FDCPA), Fair Credit Reporting Act (FCRA), and all applicable state laws. Every effort is made to ensure that Firm attorneys and staff are knowledgeable of the requirements needed to perform their collection tasks." *Id.*

53.     The FDCPA prohibits any debt collector's "threat to take *any action* that cannot legally be taken." § 1692e(5) (emphasis added). "Action" is simply "the process of doing something; [one's] conduct or behavior." *Action*, Black's Law Dictionary (10th ed. 2014).

54.     In other words, the FDCPA prohibits a debt collector from threatening to engage in any process, conduct, or behavior that the debt collector cannot legally engage in. "Debt collectors may not make false claims, period." *Randolph v. IMBS Inc.*, 368 F.3d 726, 730 (7th Cir. 2004).

55.     "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *Manuel v. Merchs. & Prof'l Bureau, Inc.*, 956 F.3d 822 (5th Cir. 2020). Here, Admiral's debt is not legally enforceable (nor may it ever have been).

56.     By continuing to prosecute this case several years after any potential legally remedy had expired, Admiral and the law firms violated the FDCPA and TDCA. *CA Partners v. Spears*, 274 S.W.3d 51, 61 (Tx. Ct. App. 2008) (Spears did not owe the debt at issue because the statute of limitations

had run. "…under the facts of this case there is no legal remedy for its enforcement.").

57. Defendants' unlawful debt collection practices and continued pursuit of the time-barred debt at issue, as alleged throughout herein have caused Plaintiff to suffer emotional and physical harm, including feelings of stress, anger, grief, duress, frustration, doubt, worry, anxiety, embarrassment, helplessness, loss of financial control, fear of monetary loss or loss of property, mistrust of the legal system, humiliation, mental anguish, emotional distress, disruption of sleeping habits, as well as other harmful and negative emotions.

58. Defendants' unlawful collection practices have also increased the possibility of a diminished credit report that also constitutes a risk of imminent harm.

## F. Defendants routinely rely on "lay down" default judgments.

59. Putting "due diligence" aside, what rational attorney would pursue any case that has been expired for about half a decade? Admiral and its debt collection attorneys apparently recognized that they are seldom challenged in court with these type suits and routinely have their way. Various studies show that 90% of consumers don't show up to court on debt buyer suits and, of those who showed, less than 2% had an attorney. *See e.g.*, Peter A. Holland, *Junk Justice: A Statistical Analysis of 4,400 Lawsuits Filed by Debt Buyers*, 26 LOY. CONSUMER L. REV. 179, 208 (2014) ("Junk

Justice"); *Dirty Debts*, 52 Harvard J. On Legislation at 55 ("between 70-90% of cases filed result in default judgments.").

60.     Defendants' actions here offend the public's sense of justice. The actions of the attorneys involved are particularly egregious, outrageous, morally culpable and wrongful. CCB and Balekian Hayes certainly should've known better by virtue of their profession. The conduct at issue here is a "poster child" example of why the general public view debt buyers, time-barred debts and concomitant lawsuits in such low regard.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A)

61.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

## MISREPRESENTATION OF THE DEBT'S
## "CHARACTER" OR "LEGAL STATUS"

62.     Specifically, Section 1692e(2)(A) prohibits a debt collector from using ""any false, deceptive, or misleading representation or means in connection with the collection of any debt," which also includes the false representation of "**the character, amount, or legal status of any debt**." (emphasis added).

63.     Defendants violated Section 1692e(2)(A) by attempting to collect a debt from Plaintiff that, by law, she did not owe.

64. Defendants continued to pursue their Travis County lawsuit against Plaintiff despite the fact that they knew or should've known the decade old debt was time-barred.

65. The Fifth Circuit has ruled that the issue of "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *Manuel*, 956 F.3d at 829; *Daugherty*, 836 F.3d at 511-12. "Debt collectors may not make false claims, period." *Randolph v. IMBS Inc.*, 368 F.3d 726, 730 (7th Cir. 2004).

66. Thus, because the debt at issue is time-barred Defendants are no longer permitted to legally pursue it and because they continue to do so they have violated the FDCPA. The Texas legislature has banned time barred debt buyer suits. *See* Tex. Fin. Code Ann. § 392.307(c) ("A debt buyer may not, directly or indirectly, commence an action against … a consumer to collect a consumer debt after the expiration of the applicable limitations period….").

WHEREFORE, Plaintiff requests judgment in his favor, and against Defendants for an award of:

a. Statutory damages of an amount not to exceed $1,000 dollars total, for all violations, under 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages under 15 U.S.C. § 1692k(a)(1);

c. Reasonable attorney's fees, litigation expenses and costs of the

action under 15 U.S.C. § 1692k(a)(3); and

d.    Such other or further relief as the Court deems just proper.

**COUNT II**
**FAIR DEBT COLLECTION PRACTICES ACT**
**Violation of 15 U.S.C. §§ 1692, 1692e(2)(A),**
**1692e(5), 1692e(10), and 1692f**

67.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

68.    Section 1692e provides:

**§ 1692e. False or misleading representations**
**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--(A) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

69.    Section 1692f provides:

**§ 1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

70.    Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by suing Plaintiff on the time-barred debt.

71. Time-barred suits are banned in Texas. Tex. Fin. Code Ann. § 392.307(c) ("A debt buyer may not, directly or indirectly, commence an action against … a consumer to collect a consumer debt after the expiration of the applicable limitations period…."). *See also CA Partners*, 274 S.W.3d at 61.

72. Defendants have falsely represented the character and legal status of the time-barred debt.

73. Defendants have threatened to take actions that cannot legally be taken (or that was not intended to be taken).

74. Defendants used false representations and deceptive means to collect on the time-barred debt.

75. Defendants used unfair and unconscionable means to collect or attempt to collect on the time-barred debt.

WHEREFORE, Plaintiff requests judgment in his favor, and against Defendants for an award of:

a. Statutory damages of an amount not to exceed $1,000 dollars total, for all violations, under 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages under 15 U.S.C. § 1692k(a)(1);

c. Reasonable attorney's fees, litigation expenses and costs of the action under 15 U.S.C. § 1692k(a)(3); and

d. Such other or further relief as the Court deems just proper.

**COUNT III**
**TEXAS DEBT COLLECTION ACT**
**Violations of Tex. Fin. Code Ann. §§ 392.301(a)(8), 392.304(a)(8)**
**& 392.304(a)(19)**

76. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

77. A debt collector may not use threats, coercion, or attempts to coerce, such as threatening to take any action prohibited by law. *See* TEX. FIN. CODE § 392.301(a)(8).

78. A debt collector may not use any fraudulent, deceptive, or misleading representation that "misrepresent[s] the character, extent, or amount of a consumer debt…." *See* TEX. FIN. CODE § 392.304(a)(8).

79. A debt collector may not use "any other false representation or deceptive means to collect a debt…." *See* TEX. FIN. CODE § 392.304(a)(19).

80. For all of the same reasons that the Defendants are liable under §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f of the FDCPA in Counts I and II above, they are also liable under §§ 392.301(a)(8), 392.304(a)(8) & 392.304(a)(19) of the Texas Finance Code.

81. "A person may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." *See* TEX. FIN. CODE § 392.403(a)(1)-(2). "A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs." *See* TEX. FIN. CODE § 392.403(b).

WHEREFORE, Plaintiff requests judgment in his favor, and against Defendants for an award of:

a. Injunctive relief to prevent or restrain any violations of the TDCA as provided TEX. FIN. CODE § 392.403(a)(1);

b. Actual damages under TEX. FIN. CODE § 392.403(a)(2);

c. Reasonable attorney's fees, litigation expenses and costs of suit under TEX. FIN. CODE § 392.403(b);

d. Exemplary damages under the Damages Act, Tex. Civ. Prac. & Rem. Code §41.002, and

e. Such other or further relief as the Court deems just proper.

<u>COUNT IV</u>
**TEXAS DEBT COLLECTION ACT**
**Violation of Tex. Fin. Code Ann. § 392.307(c)-(d)**

82. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

83. Time-barred suits, such as the Travis County case at issue, are banned in Texas. Tex. Fin. Code Ann. § 392.307(c) ("A debt buyer may not, directly or indirectly, commence an action against … a consumer to collect a consumer debt after the expiration of the applicable limitations period….").

84. "If an action to collect a consumer debt is barred under Subsection (c), the cause of action is not revived by a payment of the consumer debt, an oral or written reaffirmation of the consumer debt, or any other activity on the consumer debt." Tex. Fin. Code Ann. § 392.307(d).

WHEREFORE, Plaintiff requests judgment in his favor, and against Defendants for an award of:

a.     Injunctive relief to prevent or restrain any violations of the TDCA as provided TEX. FIN. CODE § 392.403(a)(1);

b.     Actual damages under TEX. FIN. CODE § 392.403(a)(2);

c.     Reasonable attorney's fees, litigation expenses and costs of suit under TEX. FIN. CODE § 392.403(b);

d.     Exemplary damages under the Damages Act, Tex. Civ. Prac. & Rem. Code § 41.002, and

e.     Such other or further relief as the Court deems just proper.

**COUNT V**
**TEXAS DEBT COLLECTION ACT**
**Violation of Tex. Fin. Code Ann. § 392.307(d)(3), (f)**

85.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

86.     The Texas Finance Code also requires certain disclosures be made under the circumstance presented here: "(d) If a debt buyer is engaged in debt collection for a consumer debt for which an action to collect the debt is barred under Subsection (c), the debt buyer, or a debt collector acting on behalf of the debt buyer, shall provide the following notice in the initial written communication with the consumer relating to the debt collection:

…

(3) if the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has

expired under Section 605, Fair Credit Reporting Act (15 U.S.C. Section 1681c), "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT, AND WE WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY. THIS NOTICE IS REQUIRED BY LAW." Tex. Fin. Code Ann. § 392.307((d)(3)).

87.     Moreover, "(f) A notice required under Subsection (e) must be in at least 12-point type that is boldfaced, capitalized, or underlined or otherwise conspicuously set out from the surrounding written material." Tex. Fin. Code Ann. § 392.307((f).

88.     At no time did Defendants give Plaintiff the notice required under the Texas Finance Code.

WHEREFORE, Plaintiff requests judgment in his favor, and against Defendants for an award of:

a.     Injunctive relief to prevent or restrain any violations of the TDCA as provided TEX. FIN. CODE § 392.403(a)(1);

b.     Actual damages under TEX. FIN. CODE § 392.403(a)(2);

c.     Reasonable attorney's fees, litigation expenses and costs of suit under TEX. FIN. CODE § 392.403(b);

d.     Exemplary damages under the Damages Act, Tex. Civ. Prac. & Rem. Code §41.002, and

e.     Such other or further relief as the Court deems just proper.

## JURY

89.     Plaintiff requests a trial by jury.

Respectfully submitted,

By: /s/ Tod A. Lewis

Tod A. Lewis (Tx #24091999)
Tod Lewis Law, PLLC
8308 Canola Bend
Austin, TX 78729-6464
512-739-0390 (cell)
1-737-205-1291 (facsimile)
Tod@texasfaircredit.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all users.

By: /s/ Tod A. Lewis